Michael A. Siddons
The Law Firm of Michael Alan Siddons
16 West Front Street
Media, PA 19063
Tel: 484-614-6546
msiddons@siddonslaw.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | : | |
|---|---|---|
| Saul Marques, | : | |
| Plaintiff, | : | Civil Case No.: |
| vs. | : | |
| Mercantile Adjustment Bureau, LLC | : | |
| Defendant. | : | |
| | : | |

**PLAINTIFF'S COMPLAINT**

Plaintiff, SAUL MARQUES, (Plaintiff), through Plaintiff's attorney, The Law Firm of Michael Alan Siddons, alleges the following against Defendant, MERCANTILE ADJUSTMENT BUREAU, LLC, (Defendant):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k.

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in Carteret, Middlesex County, New Jersey.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

9. Within one (1) year prior to filing Plaintiff's Complaint, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency located in Williamsville, New York.

11. Defendant is a business entity engaged in the collection of debt within the State of New Jersey.

12. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

13. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

14. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via

the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

15. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

16. Defendant is attempting to collect a consumer debt from Plaintiff originally arising from Aqua Water Company.

17. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

18. Defendant began placing collection calls to Plaintiff at Plaintiff's cell phone number at 732-309-34xx in an attempt to collect the allege debt.

19. Defendant calls Plaintiff from phone number 877-254-0957.

20. The telephone number of 877-254-0957 is one of Defendant's telephone numbers.

21. Plaintiff spoke with Defendant's collectors on approximately two separate occasions.

22. During the above-mentioned conversations between Plaintiff and Defendant, Plaintiff told Defendant that Plaintiff disputed the debt, and to stop calling Plaintiff.

23. Plaintiff called the Aqua Water Company to inquire about the alleged debt, but Aqua Water Company could not find Plaintiff's account.

24. Defendant continued to call Plaintiff approximately one to two times per week in an attempt to collect the alleged debt.

25. Defendant's collectors have threatened Plaintiff that they would report the alleged debt to the credit bureaus if Plaintiff did not pay the debt.

26. The representations made to Plaintiff by Defendant's collections regarding reporting the alleged debt to the credit bureaus if Plaintiff did not pay were false.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

27. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt;

    b. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff;

    c. Defendant violated §1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

    d. Defendant violated §1692e(5) of the FDCPA by threatening to take action that cannot legally be taken or that is not intended to be taken;

    e. Defendant violated §1692e(10) of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

    f. Defendant violated §1692f of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

28. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

29. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, SAUL MARQUES, respectfully requests judgment be entered

against Defendant, MERCANTILE ADJUSTMENT BUREAU, LLC, for the following:

30. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

31. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

32. Any other relief that this Honorable Court deems appropriate.

                         RESPECTFULLY SUBMITTED,

November 26, 2013            By:/s/ Michael Siddons
                                  Michael Siddons
                                  Attorney for Plaintiff